IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Equal Rights Center, et al., ) | |
|     Plaintiffs, ) | Case No: 14 C 8259 |
| ) | |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| ) | |
| Kohl's Corporation and Kohl's ) | |
| Department Stores, Inc., ) | |
|     Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiffs' motion for class certification [109] is denied.

**STATEMENT**

**I.    Background**

Plaintiffs, on behalf of themselves and a putative class, seek to hold Kohl's Corporation and Kohl's Department Stores, Inc. (collectively, "Kohl's") liable for purported violations of the Americans with Disabilities Act ("ADA") and the New York Human Rights Law based on alleged inaccessible counters, restrooms, fitting rooms, and inadequate accessible parking. The Court granted in part Kohl's first motion to strike the class allegations on the ground that Plaintiffs failed to properly allege ascertainability, and Plaintiffs were granted leave to file an amended complaint. Kohl's again sought to strike the class allegations and dismiss Count II of the amended complaint, which alleges violations of the ADA. The Court denied that motion, then suspended consideration of Plaintiff's currently pending class certification motion so the parties could discuss settlement, which was unsuccessful. Accordingly, the Court now addresses Plaintiffs' motion for class certification.

**II.   Analysis**

    A.    <u>Motion for Class Certification</u>

The Court assumes knowledge of the background facts of this case and the Court's prior orders. As brief background, Kohl's owns and operates stores located across the country that sell moderately-priced clothing, housewares, and other products. Plaintiffs contend that "Kohl's systematically denies customers who use wheelchairs and scooters full and equal enjoyment of their stores across the country." (Pls.' Mem. Supp. Class Cert., Dkt. # 145, at 1.) According to Plaintiffs, while Kohl's internal documents relating to store layout, which Kohl's refers to as its

"Shopability Standards," set forth the minimum spacing distance for merchandise racks in its stores and directs employees to enforce those standards, Kohl's regularly fails to ensure that the standards are followed.

Plaintiffs propose the following class definition:

> All people with mobility disabilities who relied on wheeled mobility devices for mobility who, during the 12 months immediately prior to the filing of the Complaint in this case, were denied access to the goods, services, facilities, privileges, advantages, or accommodations of any Kohl's Department Store in the United States on the basis of disability because of the existence of aisles which were too narrow (less than 36 inches).

(Am. Compl., Dkt. # 42, ¶ 63.)

Under Federal Rule of Civil Procedure 23(c)(1)(A), "[a]t an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). A plaintiff seeking class certification must show the proposed class meets the requirements of Rule 23. First, under Rule 23(a), the plaintiff must satisfy the following four prerequisites: (1) joinder of all potential class members is impracticable ("numerosity"); (2) there are common questions of law or fact ("commonality"); (3) the claims or defenses of the representative parties are typical of the rest of the class ("typicality"); and (4) the class representative adequately and fairly represents the class ("adequacy"). Fed. R. Civ. P. 23(a); *see also Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892-93 (7th Cir. 2012). Second, the plaintiff must also satisfy at least one subsection of Rule 23(b). Plaintiffs seek certification under Rule 23(b)(2), which permits a class to be certified if, in addition to satisfying the requirements of Rule 23(a), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "'[C]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of Rule 23(b)(2) classes." *Gutierrez v. City of E. Chi.*, No. 2:16-CV-111-JVB-PRC, 2016 WL 5819818, at *15 (N.D. Ind. Sept. 6, 2016), report and recommendation adopted, No. 2:16-CV-111 JVB, 2016 WL 5816804 (N.D. Ind. Oct. 5, 2016) (citations omitted).

As noted by another court in this district:

> "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements." As such, when reviewing a motion for class certification, a court "may not simply assume the truth of the matters as asserted by the plaintiff[s]," but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate.

2

*Balderrama-Baca v. Clarence Davids & Co.*, No. 15 C 5873, 2017 WL 951385, at *3 (N.D. Ill. Mar. 10, 2017) (internal citations omitted).

    *1.    Rule 23(a)*

Because of its importance to the Court's ruling, commonality will be discussed first.

    A.    Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To establish commonality, the class representative must demonstrate that members of the class "'have suffered the same injury.'" *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, No. 12-CV-05105, 2016 WL 5390952, at *7 (N.D. Ill. Sept. 27, 2016) (citation omitted). Plaintiffs acknowledge that Kohl's written Shopability Standards, "*if enforced*, would most likely have avoided this lawsuit altogether." (Pls.' Mem. Support Class Cert., Dkt. # 145, at 11) (emphasis added). Thus, Plaintiffs challenge not a company-wide policy but daily individual decisions by relevant Kohl's employees in each particular store as to how wide aisles would be and where merchandise racks would be placed. "[S]ubjective, discretionary decisions can be the source of a common claim if they are, for example, the outcome of employment practices or policies controlled by higher-level directors, if all decision-makers exercise discretion in a common way because of a company policy or practice, or if all decision-makers act together as one unit." *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 438 (7th Cir. 2015); *see also Mielo v. Bob Evans Farms, Inc.*, No. CIV.A. 14-1036, 2015 WL 1299815, at *10 (W.D. Pa. Mar. 23, 2015) ("Where an action challenges a policy or practice, 'the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice.'") (internal quotation marks and citations omitted). Plaintiffs have made no showing in this case.

Indeed, Plaintiffs have not pointed to evidence of systemic policies or procedures. Plaintiffs identify 12 individuals who have reported experiencing difficulty in accessing merchandise in approximately 17 different stores (out of approximately 1,149). However, Plaintiffs have not directed the Court to any evidence that Kohl's, as a practice or policy, routinely required employees to ignore complaints or disregard its Shopability Standards.[1] The Court notes that Plaintiffs admit that the obstructions they encountered could differ depending on the store they visited as well as on which day. (Defs.' Resp., Dkt. # 129, at 19-21.)

---

[1] Plaintiffs discuss at most approximately fifty out of 1,150 Kohl's stores, and even with respect to those fifty, not all of them have aisles that are less than 36 inches. (Pls.' Exh. X.) Indeed, while named plaintiff Jean Ryan apparently had difficulty accessing merchandise in the Caesar's Bay, Brooklyn, New York store, Plaintiffs' survey of that store indicates that it had no aisles that measured less than 36 inches. (Defs. Exh. X, Dkt. # 129-23, at 1.) Thus, Ryan's claim is not typical of the class.

Plaintiffs seek to distinguish employment discrimination class actions on the ground that they require a showing of intent while violations of the ADA do not. However, as another court has noted, "the fact that an *individual* Rehabilitation Act claim does not require proof of the reason behind the alleged barrier does not necessarily mean that a *class* need not show some unifying factor uniting the claims for purposes of commonality." *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 519 (N.D. Cal. 2011).

Thus, the Court finds that Plaintiffs have failed to establish commonality. *See Wagner v. White Castle Sys., Inc.*, 309 F.R.D. 425, 431 (S.D. Ohio 2015) (denying class certification on the failure to demonstrate commonality, stating that "Plaintiffs present no evidence of a common design or blueprint as to any specific feature of Ohio's 54 White Castle restaurants, or a common policy applicable to the stores. Moreover, Plaintiffs provide no counter to the affidavit offered by White Castle's Director of Engineering who avers that the restaurants vary "significant[ly].").

B. Numerosity

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Court may make common sense assumptions to determine numerosity. *See Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008). "[C]ourts in this circuit have concluded that 40 or more class members is generally sufficient to fulfill the numerosity requirement." *See Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 335 (N.D. Ill. 2006). In this case, the problems associated with commonality are mirrored in the numerosity analysis.

Pointing to publicly-available disability statistics, Plaintiffs note that in 2013, an estimated 5.6% of the U.S. population (approximately 10,111,000 people) ages 21-64 reported an ambulatory disability while approximately 3.6 million individuals ages 16-64 reported using a wheelchair. (Pls.' Mem. Supp. Class Cert., Dkt. # 145, at 9 n.7-8.) Plaintiffs further note that Kohl's has over 1,100 stores in 49 states and that it claims in its 2014 annual report to have approximately 25 million individuals enrolled in its rewards program. (Pls.' Reply, Dkt. # 138, at 8 n.9.) Thus, Plaintiffs argue, even assuming that only one half of one percent of the estimated 3.6 million wheelchair users, or 1,800 individuals, have visited a Kohl's store in the United States and experienced difficulties maneuvering the aisles, the numerosity requirement would be satisfied.

While Plaintiffs' reliance on statistics regarding the number of wheelchair-using individuals nationwide could be useful if every Kohl's store were laid out according to a common plan, this is not the case. It is undisputed that each store had discretion to implement Kohl's Shopability Standards, including the width of the aisles. Because the issue in this case concerns not the standards themselves, but that they are purportedly not enforced (thus making every Kohl's store layout theoretically different), nationwide statistics in and of themselves do not advance Plaintiffs' cause. Plaintiffs must point to sufficient evidence establishing that numerosity is met with respect to the proposed class at issue (*i.e.*, persons who relied on wheeled

4

mobility devices during the 12 months immediately prior to the filing of the Complaint in this case and were denied access to the goods, services, and facilities of any Kohl's store in the United States because of the existence of aisles that were less than 36 inches).

The instant lawsuit names six plaintiffs who reside in five different states and have visited eleven different purportedly noncompliant Kohl's stores.[2] In addition, the ERC attaches emails from five individuals in five states who have reported trouble navigating the aisles with wheeled mobility devices at another six Kohl's stores. (Pls.' Exhs. B1-B5, Dkt. ## 110-2 to 110-5.)[3] Therefore, Plaintiffs specifically point to 12 individuals using mobility devices who have had trouble accessing items in 17 different Kohl's stores based on the narrowness of the aisles.

In addition, Plaintiffs have submitted a report from an architect who conducted a survey of 16 Kohl's stores in Illinois, Indiana, and Wisconsin to ascertain compliance with Kohl's Shopability Standards. (Pls.' Exh. D, Pieczonka Report, Dkt. # 110-13.) The architect's report opines that after conducting measurements, he determined that "[e]very Kohl's store [h]e surveyed had multiple aisles that were narrower than Kohl's standards [*i.e.*, 36 inches]." (*Id*. at 3.) Six of those stores were the same Illinois stores that Plaintiff Devora Fisher visited; thus, the architect's report adds nine new stores in which aisles were narrower than 36 inches, but does not identify any individuals who actually experienced accessibility difficulties in those nine stores.[4] Simply because a store may have one or more aisles that are less than 36 inches does not

---

[2] Plaintiffs testified that they visited the following Kohl's stores: Devora Fisher – six stores in Illinois; Monica Kamal – two stores in Wisconsin; Jean Ryan – one store in Brooklyn, New York; Regina Lee – one store in Silver Spring, Maryland; Patricia Thomas and Eugene Kelly – the same store in Redlands, California.

[3] The email communications are from the following individuals regarding the Kohl's stores listed: Jenny Smith – Louisville, KY; Peri Jude Radecic – one store in Flagstaff, Arizona and one in Maryland (unspecified city); Cara Ruff – Waite Park, Minnesota; Terry Anderson – Ankeny, Iowa; Lisa Justice – Toledo, Ohio; Cynthia Panizzi – Peru, Illinois.

[4] Plaintiffs also state that "putative class members and testers for the ERC also have encountered narrow aisle interiors at other Kohl's stores around the country." (Pls.' Mem. Support Class Cert., Dkt. # 145, at 4.) In support, they point to their Exhibit J, which is an untitled chart listing 41 Kohl's stores by address, with a column, among others, labeled "Aisles." (*Id*.) For each store, the "Aisles" column contains descriptions of apparent issues with accessibility of the aisles, such as, "Home Decor: 3/16 aisles lack an accessible route due to moveable barriers; Bedding: 1/22 racks inaccessible on all sides due to moveable obstructions." (*Id*. at 1.) Plaintiffs, however, do not refer to or rely on this chart in arguing that numerosity is met. Moreover, it is not clear who made these entries, when, or how. While Defendants' Exhibit Y appears to be the source documents for the chart, Plaintiffs provide no foundation for the surveys. For these reasons, the Court does not consider Exhibit J or the individual surveys in determining numerosity.

necessarily lead to the conclusion that it was inaccessible to a person using a wheeled mobility device. Indeed, while named Plaintiff Jean Ryan apparently had difficulty accessing merchandise in the Caesar's Bay, Brooklyn, New York store, Plaintiffs' survey of that store indicates that it had no aisles that measured less than 36 inches. (Defs.' Exh. X, Dkt. # 129-23, at 1.) Thus, the architect's report documenting the width of aisles in 16 Kohl's stores does not necessarily support a conclusion that individuals with wheeled mobility devices either visited those stores or were unable to access merchandise or facilities based on the width of an aisle.

For these reasons, the Court finds that Plaintiffs have failed to meet their burden of establishing numerosity.

  *2. Rule 23(b)(2)*

Even assuming Plaintiffs met the four requirements of Rule 23(a), Plaintiffs must also satisfy subsection (b)(2) under Rule 23, pursuant to which Plaintiffs must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23. As discussed above, Plaintiffs have not shown that Kohl's has acted or refused to act on grounds that apply generally to the class. Indeed, as expressly noted by Plaintiffs, Kohl's has written policies regarding the appropriate width of aisles to maintain accessibility:

> Kohl's already has 'Shopability Standards,' which Kohl's admits are applicable to all stores and Kohl's provides the tools to its store managers to achieve compliance with those standards, and regularly conducts multiple daily 'blitz' (walk-throughs) throughout each store which can be used in part to correct deviations from its Shopability Standards.

(Pls.' Reply, Dkt. # 138, at 30-31.)

Moreover, Plaintiffs seek an injunction requiring Defendants, in part, to enforce its policies and "bring its policies, practices and procedures into compliance with the ADA," and argue that "a single company-wide injunction as simple as ordering Kohl's to follow its own internal standards would enhance accessibility for the thousands of Kohl's customers with mobility disabilities who use mobility devices." (Pls.' Reply, Dkt. # 138, at 31; Pls.' Mem. Supp. Class Cert., Dkt. # 145, at 2.) But such injunctive relief simply directs Kohl's to obey the law. These types of injunctions are viewed with caution given the possibility for overbreadth and vagueness. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable principle that injunctions should prohibit no more than the violation established in the litigation or similar conduct reasonably related to the violation" and "from the traditional equitable principle, . . . that an injunction must 'state its terms specifically[ ] and . . . describe in reasonable detail . . . the act or acts restrained or required.'" *Id*. (citing Fed. R. Civ. P. 65(d)(1)); *see also Mielo*, 2015 WL 1299815, at *12

6

(finding class could not be certified under Rule 23(b)(2) because "[t]he injunction Plaintiff seeks is little more than 'obey the law' – remediate parking lots that may have fallen out of compliance to comply with the ADA maximum sloping requirements[,]" but "[a]s Bob Evans notes, the differences and unique designs of each lot, and lack of commonality, makes it impossible to craft one injunction that remedies all injuries to the class in one stroke."). Plaintiffs do not indicate how an injunction containing such broad and non-specific language could be enforced given that the layout of over 1,100 stores could and do vary on a daily basis.

Because Plaintiffs have not demonstrated that a nationwide class under the proposed definition meets all of the requirements of Rule 23 or is the appropriate vehicle for obtaining relief, the Court denies the motion for class certification.

**Date**: May 2, 2017

_____
**Ronald A. Guzmán**
**United States District Court**